[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This matter comes before the court on appeal from the Sandusky County Court of Common Pleas wherein appellant, Christy M. Claussen, was convicted of complicity to commit attempted aggravated murder. Because we find that appellant's sentence is not contrary to law, we affirm.
On March 26, 2001, appellant entered a guilty plea to one count of complicity to commit attempted aggravated murder. At the hearing, appellant admitted to luring Jared Skinner to a location so that he could be shot by Tyrias Johnson. Specifically, appellant asked Skinner to meet with her at a rural area to talk about her upcoming trial. Skinner was scheduled to testify against appellant. As the two were sitting in Skinner's car, Johnson walked up to Skinner's window and shot him in the face. Skinner escaped from the car as Johnson's gun became jammed. When Johnson's gun was again operable, he ordered Skinner to lie on the ground. Johnson shot him in the arm. Skinner was able to get back into his car and drive away. Skinner survived the incident.
Appellant was sentenced to thirteen years in prison. In sentencing appellant, the court stated: "[T]his being a `murder for hire,' the court does conclude it is the worst form of the offense and therefore you should receive the maximum penalty." Appellant now appeals setting forth the following assignment of error:
 "THE TRIAL COURT ERRED IN IMPOSING A MAXIMUM SENTENCE WHICH IS UNREASONABLE AND OUT OF PROPORTION TO OTHER SENTENCES IMPOSED IN ANALOGOUS CASES AND IS THEREFORE CONTRARY TO LAW."
Citing R.C. 2929.11(B)) and this court's decision in State v. Williams,
(Nov. 30, 2000), 6th Dist. Nos. L-00-1027 and L-00-1028, appellant contends her sentence is contrary to law.
R.C. 2929.11(B) states:
 "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
In State v. Williams, supra, this court found that Williams' six year sentence for two counts of aggravated vehicular homicide was not "consistent with sentences imposed for similar crimes committed by similar offenders." Williams was driving when he caused the death of two people while speeding. He had never served a prison term. His case was compared to other cases wherein a motorist had caused the death of someone while speeding. His sentence was also compared to cases wherein a motorist had caused the death of someone while driving intoxicated. This court found that appellant's sentence was not consistent with other sentences imposed for similar crimes.
Appellant contends her sentence is not consistent with sentences imposed in State v. Valenta (June 28, 2001), 8th Dist. No. 78232, Statev. Coe (June 4, 1998), 3rd Dist. No. 13-97-46 and, State v. Kaszas
(Sept. 10, 1998), 8th Dist. Nos. 72546 and 72547. We disagree with appellant's analysis.
In Valenta, supra, the defendant was sentenced to two three-year consecutive prison terms for two counts of attempted aggravated murder. In Coe, supra, the defendant was sentenced to five years on one count of attempted aggravated murder. Unlike the instant case, however, neither the Valenta nor the Coe case involved the use of a firearm.
A firearm was used by the defendant in the Kaszas, supra, case. Specifically, the defendant fired multiple gunshots into a home. He was sentenced to eight years in prison for attempted aggravated murder and he was sentenced to an additional five years in prison for the firearm specification. The term for the firearm specification was ordered to be served consecutively. Thus, the term the defendant in the Kaszas case received for attempted aggravated murder with a firearm is identical to the sentence received by appellant.
Based on the foregoing, we cannot say that appellant's sentence was inconsistent with sentences imposed for similar crimes. Appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Sandusky County Common Pleas Court is affirmed. Costs assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.